**ESTATE OF Atlas Duncan WILLIAMS, Deceased, Carolyn S. Williams, Executrix, Plaintiff–Appellant,**

v.

**Joe B. HUDDLESTON, Commissioner of Revenue of the State of Tennessee, Defendant–Appellee.**

Supreme Court of Tennessee, at Jackson.

Jan. 27, 1997.

Allan J. Wade, Baker, Donelson, Bearman, & Caldwell, of counsel, Memphis, for Plaintiff-Appellant.

Charles W. Burson, Attorney General and Reporter, Daryl J. Brand, Senior Counsel, Attorney General's Office, Nashville, for Defendant-Appellee.

## OPINION

REID, Justice.

This case presents for review the decision of the Court of Appeals that where the surviving spouse has elected against the decedent's will and taken the statutory elective share the maximum allowable deduction for Tennessee inheritance tax purposes is the value of the elective share less an amount equal to one-third of the decedent's secured debts. That decision is reversed, and the judgment of the trial court that the entire value of the elective share qualifies for the marital deduction is reinstated.

### THE CASE

The decedent, Atlas Duncan Williams, died testate a resident of Shelby County, Tennessee, on May 17, 1989, survived by his widow, Carolyn S. Williams, who qualified as the executrix of the estate. The decedent's gross estate was approximately $102,902,698, which was composed of real property valued at approximately $58,196,557 and personal property of approximately $44,706,141. The real property had been pledged by the decedent to secure debts in the approximate amount of $37,745,758. There were unsecured debts of approximately $225,279.[1]

Pursuant to the procedure set forth in Tenn.Code Ann. § 31–4–102 (Supp.1996), the widow filed a petition exercising her right to elect against the decedent's will and take an elective share as authorized by Tenn.Code Ann. § 31–4–101 (Supp.1996). The probate court calculated the elective share by first subtracting from the sum of the total estate the amounts of the funeral expenses, administration expenses, and the widow's year support, and dividing that sum by three, producing the quotient of $42,082,993.52. The amounts of the decedent's debts were not considered in making the calculation. The probate court approved the executrix's choice of unencumbered personal property, corporate stock and cash, with which to fund the elective share.

The executrix insists that the total amount of the elective share as calculated by the probate court qualifies for the inheritance tax marital deduction under Tenn.Code Ann. § 67–8–315(a)(6) (1994). The Commissioner does not challenge the procedure followed by the probate court in determining the elective share, but insists that the elective share reduced by one-third of the secured debts is the maximum amount that qualifies for the marital deduction.

---

1. The record shows some discrepancies in these values, but the exact amounts are not material for the purposes of this opinion.

## THE ANALYSIS

The first question to be decided is where the Court should begin its inquiry. Should the Court review those issues which may affect the ultimate decision even though they are not disputed by the parties? Specifically, should the Court review the procedure for determining and funding the surviving spouse's elective share, or can the Court assume, as the parties insist, that determining and funding the elective share are not issues in this case? Both the Commissioner and the executrix would have the Court focus only on one narrow issue—whether the surviving spouse's elective share, as calculated by the probate court, must be reduced by one-third of the amount of the secured debts in determining the maximum allowable marital deduction. That is the only issue which was raised in the Court of Appeals and the only issue which has been briefed and argued in this Court. When questioned at oral argument before this Court, counsel for both the Commissioner and the executrix insisted that the procedure for determining the elective share is not an issue. They insist that this is a tax case only and that only a single issue of law is presented. The Commissioner in his brief states,

This is a Tennessee inheritance tax case. It is neither a debtor-creditor dispute nor a priorities spat among creditors. It is not a probate proceeding or an appeal from probate court. It is a state inheritance tax case.

And further,

The Commissioner does not contest and would not disturb the elective share actually awarded to the widow by the Probate Court. As the Court of Appeals recognized, in this case "no issue is taken with the calculation of the elective share, but only with how much of that share qualifies as a marital deduction for determining inheritance tax liability."

The appeal in this case is not from the probate court where the elective share was determined and funded but from the chancery court, where the executrix filed suit for the recovery of taxes paid. The executrix alleged as the basis for relief that the Commissioner erroneously reduced her elective share by one-third of the decedent's secured debts in determining the allowable marital deduction. Records of the probate proceedings, which were made a part of the record in this case, do not reflect any adversary proceedings in that court. It appears that in this estate the only controverted issue has been the amount of death taxes due, and, then, only one issue has been presented. The history of the proceedings is well summarized by this additional statement taken from the Commissioner's brief:

Determination of the marital deduction for tax purposes does not affect or determine how much the secured creditors get, how much the spouse takes, how much unsecured creditors are paid, or the order in which claims are addressed. Such matters are to be worked out, or thrashed out, among the creditors, the spouse, and other beneficiaries and claimants. Just as the Probate Court was not concerned with the calculation of the marital deduction, and thus never addressed the issue presented by this case, the Commissioner here is not concerned with the distributions out of the decedent's estate.

Though not presented by the parties as issues in this case, there are implicit in the parties' agreement approving the determination and funding of the surviving spouse's elective share significant legal issues which have not been judicially resolved. Those issues include the construction and interpretation of Tenn.Code Ann. § 30–2–305 (1984) ("[e]very debtor's property, except such as may be specifically exempt by law, is assets for the satisfaction of all his just debts"); Tenn.Code Ann. § 67–8–304 (1994) (transfers of property by will or statutes regulating dissent and distribution are taxable); Tenn. Code Ann. § 67–8–315 (1994) (determination of the "net estate subject to tax"); Tenn. Code Ann. § 31–4–101 (definitions of "elective share" and "net estate"); and Tenn. Code Ann. § 31–4–102 (the funding of the elective share). These statutes, as well as others, affect significantly the competing interests of dissenting spouses, other estate beneficiaries, secured creditors and unsecured creditors; they also determine the amount of and liability for inheritance taxes.

The Court's acquiescence with regard to such issues would resolve important questions of law which the parties in this case have not raised and which have not been litigated previously. Consequently, the Court must undertake to review and decide these several issues or limit this opinion to the narrow issue developed by the parties.

Without the benefit of an adversarial proceeding in which counsel assert and support the competing claims, the Court elects to forego a comprehensive consideration of the procedures for determining and funding a surviving spouse's elective share and the resulting consequences to affected parties. Consequently, this decision is no authority for the resolution of those issues pretermitted.[2] The result is that this decision is limited to the single issue: *assuming* that an elective share has been determined and funded *according to law*, does the entire elective share qualify for the inheritance tax marital deduction? The answer is—the entire elective share, properly determined, qualifies for the marital deduction.

The Commissioner relies upon Tenn.Code Ann. § 31–4–101 (Supp.1996) for the position that the maximum marital deduction is the elective share reduced by one-third of the decedent's secured debts. Resolution of this issue must begin with consideration of Tenn. Code Ann. § 67–8–315(a) which sets forth the maximum allowable marital deduction:

> For the purpose of determining the net estate subject to tax, the following deductions shall be deducted from the value of the gross estate; . . . .
>
> . . . .
>
> (6) An amount equal to the value of any interest in property which passes or has passed from the decedent to the surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. In determining the amount qualifying for the deduction under this subdivision, the limitations, restrictions, definitions, elections and requirements set out in § 2056(b) and (c) of the

Internal Revenue Code (26 U.S.C. § 2056(b) and (c)) shall be applicable to the deduction allowed by this subsection; provided, that the election specified by § 2056(b)(7) of the Internal Revenue Code (26 U.S.C. § 2056(b)(7)) must be made to the department.

Since all the property included in the spouse's elective share in this case, corporate stock and cash, is included in determining the gross estate, the first limitation stated does not reduce the amount that qualifies for the marital deduction.

The Commissioner insists that the second limitation on the deduction referenced in Tenn.Code Ann. § 67–8–315(a)(6), the "limitations, restrictions, definitions, elections and requirements" of 26 U.S.C. 2056(b) and (c), require that the amount of the elective share be reduced because that share is subject to one-third of the decedent's secured debts. The Commissioner bases that argument on his interpretation of Tenn.Code Ann. § 31–4–101 (Supp.1996), which states:

> **Right to elective share.**—(a) A decedent's surviving spouse has the right to elect to take an elective share. The elective share is one third (1/3) of the decedent's net estate as defined in subsection (b). The right to elect an elective share is available to the surviving spouse of an intestate decedent and a testate decedent if the surviving spouse elects against the decedent's will. When the elective share is determined, it is exempt from the unsecured debts of the decedent incurred after April 1, 1977. In determining the elective share, it is not reduced by any estate or inheritance taxes.
>
> (b) The net estate includes all of the decedent's real and personal property subject to disposition under the terms of the decedent's will or the laws of intestate succession reduced by funeral and administration expenses, homestead, exemptions and year's support.

The Commissioner does not suggest that express authority for his position is found in this statute, but contends that the absence of

---

**2.** This opinion must not be read as authority regarding the rationale of the United States Tax Court in *Estate of Williams v. Commissioner of Internal Revenue,* 103 T.C. 451, 1994 WL 500957 (1994), that of the Court of Appeals in this case,

or that of the trial court in this case. The procedure followed by the probate court constitutes a significant departure from prior law and may invite examination of Section 31–4–101 by the legislature.

any mention of debts in subsection (b) and the provision in subsection (a) that, "when the elective share is determined, it is exempt from the unsecured debts of the decedent incurred after April 1, 1977," require the conclusion that the elective share, once determined, is to be reduced by secured debts. The answer to this proposition is that the language of that code section simply cannot be reasonably construed to include that meaning. That section means what it says, the property with which the elective share is funded is exempt from, that is, not subject to execution for, the debtor's unsecured debts. Tenn.Code Ann. § 30–2–305 (1984) provides as follows:

> **Debts chargeable against all assets.—** Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his just debts.

"Exempt property" is property which has been removed from the general provision of Section 30–2–305 and converted into property which, in the language of that statute, is "such as may be specially exempt by law." The Commissioner finds significance in the exemption of the elective share from unsecured debts but not secured debts in Section 31–4–101(a). Property subject to secured debts is no longer declared exempt, (unlike the prior statute [3]) because encumbrances on a decedent's property cannot be discharged by being chosen to fund an elective share. Such a discharge would impair the obligation of a contract in violation of the constitution.[4] However, if property subject to the decedent's secured debts is included in the elective share, as it may be,[5] only the value of the property in excess of the debt secured would be included in determining the value of the elective share and also the marital deduction. The federal statute, 26 U.S.C. 2056(b)(4) (Supp.1996), does not require that the elective share taken by the spouse be reduced where secured debts exist. That section requires that in determining the amount of the marital deduction, the value of any interest passing to the surviving spouse be reduced by the amount of any encumbrance on such property. Treasury Regulation 20.2056(b)–4(b) (1995) provides in pertinent part:

> If a property interest passed from the decedent to his surviving spouse subject to a mortgage or other encumbrance ... [for marital deduction purposes] the value of the property interest is to be reduced by the amount of the ... encumbrance.... However, if under the terms of the decedent's will or under local law the executor is required to discharge, out of other assets of the decedent's estate, a mortgage or other encumbrance on property passing from the decedent to his surviving spouse, or is required to reimburse the surviving spouse for the amount of the mortgage or other encumbrance, the payment or reimbursement constitutes an additional interest passing to the surviving spouse.

That additional interest would constitute a portion of the elective share and also the allowable marital deduction.

Neither state nor federal law requires that the elective share be reduced as claimed by the commissioner.

### THE CONCLUSION

The conclusion is that, assuming that the elective share was determined and funded according to law, which is not decided in this case, the property constituting the elective share passed from the decedent to the surviving spouse, and "an amount equal to" the full value of the elective share qualifies for the marital deduction under Tenn.Code Ann. § 67–8–315(a)(6).

The judgment of the Court of Appeals is set aside, and the judgment of the trial court is affirmed. The case is remanded.

Costs are taxed to the Commissioner.

BIRCH, C.J., and DROWOTA and ANDERSON, JJ., concur.

---

**3.** Tenn.Code Ann. § 31–4–101 (1984).

**4.** *See* Tenn. Const. art. I, § 20 ("That no retrospective law, or law impairing the obligations of contracts, shall be made.").

**5.** *See* Tenn.Code Ann. § 31–4–101(b) (Supp. 1996).