**ESTATE OF Doris Z. TENENBAUM, Deceased; Third National Bank in Nashville, Executor, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 95–1478.**

United States Court of Appeals, Sixth Circuit.

Argued May 2, 1996.

Decided April 29, 1997.

252

John R. Jacobson (briefed) and James C. Gooch (argued and briefed), Bass, Berry & Sims, Nashville, TN for Petitioner–Appellant.

Gary R. Allen, Acting Chief (briefed), Jonathan S. Cohen, and Teresa T. Milton (argued), U.S. Department of Justice, Appellate Section Tax Division, Washington, DC, for Respondent–Appellee.

Before MARTIN, Chief Judge; SILER, Circuit Judge; HOOD, District Judge.*

BOYCE F. MARTIN, Jr., Chief Judge.

This case is an appeal from a Tax Court decision upholding a federal estate tax assessment by the Commissioner of Internal Revenue against the Estate of Doris Z. Tenenbaum. *Estate of Tenenbaum v. C.I.R.*, T.C. Memo.1995–48, 1995 WL 35338. The Tax Court held that Tennessee law requires the estate to reduce the amount of the elective share it reported for purposes of the marital deduction in order to reflect the extent to which the elective share was burdened by decedent's secured debt. Third National Bank in Nashville, Executor of the estate, appeals the Tax Court's determination pursuant to 26 U.S.C. § 7482(a)(1).

This appeal hinges on a simple yet very specific question: whether a surviving spouse's elective share is liable for payment of a proportionate share of a decedent's secured debts. Because it is the applicable state law rather than federal law that governs devolution of property at death and the ultimate impact of federal estate tax, the answer to this question is a matter of state statutory interpretation. Accordingly, we are bound by the Tennessee Supreme Court's construction of a Tennessee statute. We held this case in abeyance until the Tennessee Supreme Court could resolve this precise issue in *Estate of Williams v. Huddleston*.

Even though *Estate of Williams v. Huddleston*, 938 S.W.2d 415 (Tenn.1997), unequivocally destroys the premise upon which the Commissioner's argument is based, the Commissioner disingenuously insists that the facts of this case can be distinguished. The

Commissioner betrays the pretense of that claim in its own appellate brief, however. According to the Commissioner before *Estate of Williams v. Huddleston* was published,

[t]he question that is presented by this appeal is whether the property that passed to Henry [sic] Tenenbaum as his elective share of decedent's estate must be treated as burdened by a proportionate share of decedent's secured debt. *If state law imposes such a liability, then the amount of the elective share reported by the estate must be reduced for purposes of the marital deduction.*

Brief for Appellee at 11–12 (emphasis added). According to the Tennessee Supreme Court in *Estate of Williams v. Huddleston*, the plain meaning of TENN.CODE ANN. § 31–4–101 (Supp.1996) and TENN.CODE ANN. § 30–2–305 (1984) is that the state does not impose such a liability. Because the Tennessee Supreme Court has clearly determined that the law of Tennessee is contrary to the holding of the Tax Court in this case, the decision of the Tax Court is REVERSED and this case is REMANDED to that court for further proceedings consistent with this opinion.